GEORGE W. HARRIS, AS EXECUTOR, ETC., OF WILLIAM D. HARRIS, DECEASED, APPELLANT, *v.* CHARLES TODD, JR., RESPONDENT.

*Action — when upon contract, and not for tort.*

In an action by an executor the complaint set forth his official character, alleged that the defendant had obtained from the testator various sums of money, amounting to $8,305.67, that no part thereof had been paid, that they had been procured through false and fraudulent representations of the defendant, and demanded judgment for $8,305.67, with interest.

*Held*, that the allegation as to the fraudulent representations was improperly inserted in the complaint; that the action was one upon contract, and should be treated as such.

APPEAL from a judgment in favor of the defendant, entered upon a verdict directed by the court, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*N. Dana Wells*, for the appellant.

*James W. Ridgway* for the respondent.

DYKMAN, J.:

This is an action for the recovery of money alleged to have been loaned to the defendant by the plaintiff's testator. After

alleging the official character of the plaintiff, the complaint states that the defendant obtained from the testator, in his life-time, various sums, amounting in the aggregate to $8,305.67; no part of which had been paid. It then contains statements of fraud, and false and fraudulent statements and representations of the defendant, made as inducements to the testator to advance the money to the defendant, and closes with a demand for judgment for the sum of $8,305.67, with interest. On the trial the plaintiff established an indebtedness from the defendant to the testator of $7,787.78, which was undisputed, and rested, and the court thereupon directed a verdict for the defendant, to which the plaintiff excepted. This direction was given on the ground that the action is for deceit. We think the trial court fell into an error. The action is for the recovery of money only. The complaint contains apt allegations to show a cause of action against the defendant, and closes with a demand for a money judgment only, and not for damages. The charges of fraud and misrepresentation, in contracting the debt and obtaining the money, are fit and proper in an affidavit to obtain an order of arrest against the defendant in the action, but were not proper to be inserted in the complaint. They were not issuable, and could not have been tried or determined on the trial. (*Graves* v. *Waite,* 59 N. Y., 159; *Elwood* v. *Gardner,* 45 id., 352.)

A new trial must be granted, with costs to abide the event.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment and order denying new trial reversed, and new trial granted; costs to abide event.